JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 16 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 849

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BOLAR PHARMACEUTICAL CO., INC., GENERIC DRUG LITIGATION

TRANSFER ORDER*

This litigation consists of eighteen actions listed on the attached Schedule A and pending in five districts as follows: fourteen actions that have been consolidated in the Eastern District of New York, and one action each in the Northern District of Illinois, the Eastern District of Missouri, the Northern District of Ohio and the Eastern District of Pennsylvania. Bolar Pharmaceutical Co., Inc. (Bolar), a generic drug company, is the principal defendant in all the actions, which can be divided into three types: actions brought by Bolar securities holders in the New York forum, actions brought in Ohio, Pennsylvania and Illinois by consumers of Bolar drugs, and an action brought by a Bolar joint venturer in Missouri. Bolar initially moved the Panel, pursuant to 28 U.S.C. §1407, for centralization of all actions in the Eastern District of New York for coordinated or consolidated pretrial proceedings. All plaintiffs opposed the motion, although plaintiffs in the Ohio, Pennsylvania and Illinois consumer actions responded that they did favor centralization of their three actions. On the day before the hearing scheduled in this docket, counsel for Bolar notified the Panel that: 1) Bolar and the plaintiffs in the New York consolidated securities action and the Ohio, Illinois and Pennsylvania consumer actions had agreed upon centralization of the three consumer actions only in the Eastern District of Pennsylvania; and 2) should the Panel accept the agreement of these parties, Bolar would not object to there being no transfer of the Missouri joint venture action.

On the basis of the papers filed and the hearing held, the Panel finds that the Ohio, Pennsylvania and Illinois actions involve common questions of fact, and that their centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All three of the actions to be centralized are brought as class actions on behalf of consumers allegedly injured when they purchased Bolar's generic version of the drug Dyazide. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary. In light of Bolar's representations and other positions of the parties, we are persuaded that transfer of the Missouri and New York actions is not warranted.

---

* Judge Louis H. Pollak took no part in the decision of this matter.

In designating the Eastern District of Pennsylvania as transferee forum for the actions to be centralized, we note that: 1) the Pennsylvania forum is the agreed upon choice of all plaintiffs to those actions and principal defendant Bolar; and 2) the Pennsylvania court has developed a familiarity with the issues in this litigation.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A and pending in the Eastern District of Missouri and the Eastern District of New York be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-849 -- In re Bolar Pharmaceutical Co., Inc., Generic Drug Litigation

### Eastern District of Missouri

KV Pharmaceutical Company v. Bolar Pharmaceutical Co., Inc., C.A. No. 90-0315-C-4

### Northern District of Ohio

John Hamilton, et al. v. Bolar Pharmaceutical Co., Inc., et al., C.A. No. 90-CV-0543

### Eastern District of Pennsylvnaia

D. Barron, etc. v. Bolar Pharmaceutical Co., Inc., C.A. No. 90-0536 (BC)

### Eastern District of New York

Donfred Berg v. Bolar Pharmaceutical Co., Inc., et al., C.A. No. 89 Civ. 1726
Martin Bergstein v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2570
Norman Shapiro v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2582
Joseph Angello, et al. v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2587
Jack Katz v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2609
Daisy Kramer v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2622
Harriette Sacklow v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2639
George P. Ricci v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2906
Sheldon Kosow, etc. v. Robert Shulman, et al., C.A. No. 89 Civ. 2975
Diana Goldshlack v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 2981
Bruce M. Sorrin v. Bolar Pharmacecutical Co., Inc., et al., C.A. No. 89 Civ. 3144
Richard B. Glass v. Bolar Pharmaceutical Co., Inc., et al. C.A. No. 89 Civ. 3803
Rodney B. Shields v. Robert Shulman, et al., C.A. No. CV-90-0287
Stephen Chung v. Bolar Pharmaceutical Co., Inc., et al., C.A. No. 90 Civ. 0626

### Northern District of Illinois

Martin Tunkl v. Bolar Pharmaceutical Co., Inc., C.A. No. 90-CV-2716